IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAYTHAN E., a minor; and KYNDRA BYRD, as Parent and Next Friend of JAYTHAN E., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Case No. |
| BOARD OF EDUCATION OF SYKUTA ELEMENTARY SCHOOL, COUNTRY CLUB HILLS SCHOOL DISTRICT 160; MARTHA KAREN JONES, Individually and in Her Official Capacity as Principal of Sykuta Elementary School; and MARLENE HROBOWSKI, Individually and in Her Official Capacity as Librarian at Sykuta Elementary School, | ) ) ) ) ) ) ) ) ) ) ) | __Jury Trial Requested__ |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiffs, JAYTHAN E., and KYNDRA BYRD, as Parent and Next Friend of JAYTHAN E., by and through their counsel, Lisa Kane of Lisa Kane & Associates, and complaining of Defendants as follows:

## PRELIMINARY STATEMENT

1.      This action arises out of a series of acts and omissions to act by Defendants on and around April 5, 2016 at Sykuta Elementary School in which a staff member physically assaulted and injured a 45-pound, eight-year-old-child while he was attending school. Jaythan E. (hereinafter "Jaythan") was maliciously battered, humiliated and traumatized in front of his classmates and other students by a staff member. The causes of action arising from Defendants' acts and omissions to act

1

surrounding the April 5, 2016 incident include the Civil Rights Act of 1871, and violations of the Fourth Amendment. Plaintiffs seek redress for the violation of rights guaranteed to Plaintiffs by 42 U.S.C. § 1983. Plaintiffs seek mandatory injunctive relief and damages to redress Defendants' violation of rights.

## JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331; 28 U.S.C. §§ 1343(a)(3) and (4); and 42 U.S.C. § 1988 to secure protection and redress deprivation of rights secured by the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983. Plaintiffs seek declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

3. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

## PARTIES

4. Plaintiff Jaythan E. is an eight-year-old child and his school district of residence is Sykuta Elementary School, Country Club Hills School District 160.

5. Plaintiff Kyndra Byrd (hereinafter "Plaintiff's Mother") is the mother of Jaythan E. They reside in Country Club Hills, Illinois and within the boundaries of Sykuta Elementary School, Country Club Hills School District 160.

6. Defendant Board of Education of Sykuta Elementary School, Country Club Hills School District 160 (hereinafter "School District") is the decision-making body responsible for ensuring the education and safety of all students attending its schools. On information and belief, the School District has been periodically apprised of and has made decisions concerning this matter.

7. Defendant Martha Karen Jones is the Principal of Sykuta Elementary School

(hereinafter "Defendant's Principal, Jones,"). By law, Defendant's Principal Jones is the individual delegated to have responsibility for the administration of Sykuta Elementary School. Defendant's Principal, Jones, is responsible for insuring that her school and her staff adhere to all applicable federal and state laws relating to students at the school. 105 ILCS § 5/10-21.4a.

8.      Defendant Marlene Hrobowski (hereinafter "Defendant's Librarian, Hrobowski,") is employed by the School District as the Librarian during the 2015/2016 school year. At the time of the April 5, 2016 incident, Defendant's Librarian, Hrobowski, was in charge of the library at Sykuta Elementary School.

## FACTUAL ALLEGATIONS

9.      Jaythan is an eight-year-old child who was attending Sykuta Elementary School located in Country Club Hills, Illinois for the 2015/2016 school year.

10.     Jaythan was the victim of bullying by several of his classmates. The bullying included, among other things, being physically assaulted and teased for "talking white."

11.     On or about January 27, 2016, Defendant's Assistant Superintendent Tawanda Lawrence communicated with Plaintiff's Mother via email about scheduling a meeting with herself and Defendant's Assistant Principal Stacy Oates.

12.     Plaintiff's Mother subsequently met with Defendant's Assistant Principal Stacy Oates for approximately an hour to discuss the bullying experienced by Jaythan in the classroom. Plaintiff's Mother also spoke telephonically with Defendant's Assistant Superintendent Tawanda Lawrence for approximately 45 minutes. Following these discussions, it was decided that Jaythan should stay away from the bullies. School officials did not reprimand the students, nor did school officials take any corrective action to ameliorate the bullying and verbal abuse.

13.     On information and belief, Defendant's School Nurse has indicated that there was an incident in February of 2016 whereby Jaythan "came to the nurses (sic) office stating that someone hit him in the face."

14.     On April 5, 2016, Jaythan was attending school at Sykuta Elementary School. At approximately 9:30 a.m., Jaythan was instructed by Defendant's Librarian, Hrobowski, to sit at a table with several other students in the library.

15.     A few students at that particular table had bullied Jaythan on a number of occasions in the past. Jaythan indicated to Defendant's Librarian, Hrobowski, that he did not want to sit at that particular table because of the problems he had previously experienced, and that he was to avoid the children who bullied him.

16.     Defendant's Librarian, Hrobowski, did not attempt to remedy the situation by having Jaythan sit at another table away from the individuals who have bullied Jaythan in the past. Rather, in a very aggressive tone of voice, Defendant's Librarian, Hrobowski, told Jaythan, "You're going to sit where I tell you to sit."

17.     Jaythan indicated to Defendant's Librarian, Hrobowski, that he wanted to go to the office and call his mom. Defendant's Librarian, Hrobowski, replied, "I don't care if you want to call your mom. I'm grown."

18.     As Jaythan turned to leave, Defendant's Librarian, Hrobowski, jumped in front of Jaythan and started to physically bump Jaythan with her stomach while saying, "Squad up," in a highly threatening, intimidating and offensive manner. Defendant's Librarian, Hrobowski's, body contact forcefully knocked eight-year-old Jaythan, who weighs just 45 pounds, backwards with each successive bump.

19.     After several bumps, Defendant's Librarian, Hrobowski, grabbed Jaythan's left wrist and forcibly spun Jaythan around. Defendant's Librarian, Hrobowski, then began dragging Jaythan towards a table in the library. Jaythan pleaded, "Please let me go. You're hurting my arm." Defendant's Librarian, Hrobowski, did not release her grip of Jaythan's wrist. Instead, Defendant's Librarian, Hrobowski, forcibly dragged Jaythan across the library resulting in Jaythan's hip area striking the edge of a table. While still holding Jaythan's wrist with immense pressure, Defendant's Librarian, Hrobowski, pulled out a chair and then spun and maliciously slammed 45-pound Jaythan down into the chair.

20.     Several students were present in the library and witnessed Defendant's Librarian, Hrobowski, assault and batter the 45-pound, eight-year-old student.

21.     Defendant's Librarian, Hrobowski, punctuated her assault on this defenseless little child by angrily telling Jaythan, "Don't nobody disrespect me!" During this painful and humiliating episode, Jaythan sat in the chair, holding his wrist and cried.

22.     As though physically abusing this young child were not enough, Defendant's Librarian, Hrobowski, turned to all the students gathered in the library and asked, "Who doesn't want to be Jaythan's friend?" Several students raised their hand. Even more students laughed at Jaythan.

23.     Jaythan was devastated, got up crying hysterically due to the emotional hurt he was experiencing from Defendant's Librarian, Hrobowski's, flagrant humiliation, and ran out to go to the principal's office in order to call his mother.

24.     Another teacher stopped Jaythan in the hallway, and asked him what was wrong, and inquired why he was crying. The teacher took Jaythan to his homeroom, where there was a substitute teacher that day.

5

25.    Defendant's Principal, Jones, came to the classroom and brought Jaythan to her office. Jaythan asked to go see the nurse because his arm hurt, but Defendant's Principal, Jones, refused to permit Jaythan to seek medical care despite instantaneous severe bruising and swelling.

26.    Defendant's Principal, Jones, ordered Jaythan to return to the library, but Jaythan said that he was scared and wanted to call his mom. In response, Defendant's Principal, Jones, said, "No, you will not be calling your mom." Defendant's Principal, Jones, forced Jaythan to go back to his homeroom.

27.    A few minutes later, Jaythan asked the substitute teacher if he could go to the nurse. The substitute teacher allowed Jaythan to see the nurse.

28.    The nurse gave Jaythan an ice pack to put on his bruised and swollen wrist. Jaythan asked the nurse if he could call his mom and the nurse allowed Jaythan to call his mother on a phone in the nurse's office.

29.    Jaythan told his mother, "A teacher slammed me and hurt my wrist." Plaintiff's Mother told her son, "I'm on my way." Plaintiff's Mother called her fiancé, Nathaniel Brown, informed Brown what had transpired at the school, and asked Brown to call the police and have the police meet her at the school.

30.    Defendant's Principal, Jones, asked Jaythan if he had called his mother. Out of fear, Jaythan denied calling his mother. Defendant's Principal, Jones, was furious and said, "Yes you did. I know you did. Get back to class."

31.    At approximately 10:00 a.m., Plaintiff's Mother, arrived at the school, and asked to speak with the principal. Plaintiff's Mother asked Defendant's Principal, Jones, "What happened?" Defendant's Principal, Jones, told Plaintiff's Mother that Jaythan was instructed to sit with some kids

with whom he had problems in the past and he tried to leave the classroom to call his mother.

32.  Plaintiff's Mother responded, "He was trying to call me like I instructed him to." Defendant's Principal, Jones, responded, "Well, you instructed him wrong."

33.  Plaintiff's Mother asked Defendant's Principal, Jones, "Did she put her hands on my son," and "Did she hurt my son?" Defendant's Principal, Jones, responded, "Yes, she did and it wasn't illegal."

34.  Plaintiff's Mother said, "Go get my child right now." Defendant's Principal, Jones, responded, "You don't talk to me like that." Plaintiff's Mother emphatically replied, "I want you to get my child, now."

35.  Defendant's Principal, Jones, responded, "You're not going to talk to me like that. I'm going to make it so you can never come back to this school." As Plaintiff's Mother walked out of the office, Defendant's Principal, Jones, instructed a secretary to call the police.

36.  Two police officers from Country Club Hills questioned Marlene Hrobowski, Martha Karen Jones, and Kyndra Byrd. One of the police officers informed Plaintiff's Mother that Defendant's Librarian, Hrobowski, admitted grabbing Jaythan.

37.  Plaintiff's Mother took Jaythan to the emergency room at Community Hospital in Munster, Indiana. At the hospital, Jaythan's arm was X-rayed, the medical staff put an ice pack on Jaythan's wrist, fitted Jaythan with a sling, and administered and prescribed some pain medication. Jaythan had a bruised, swollen and sprained wrist, and an acute strain of his arm.

38.  On April 6, 2016, Plaintiff's Mother took Jaythan to his pediatrician and the doctor found internal and external bruising. Photographs capture Jaythan's swollen and severely bruised wrist.

39.     On information and belief, Country Club Hills law enforcement officials prepared a police report which states that law enforcement officials were informed by an attorney representing Defendant's Librarian, Hrobowski, that she "was using her Fifth Amendment rights and refused to be interviewed." The police report also states that law enforcement officials "contacted Cook County Felony Review regarding the above incident" and "spoke to an (assistant State's Attorney) in the felony review division and explained the incident" and "was advised by ASA that the case did not warrant a felony or arrest."

40.     On information and belief, Lisa Gordon, a spokewoman for the Cook County State's Attorney's Office, indicated to Erin Gallagher, a reporter with the *Daily Southtown*, that she could not comment why it declined to press charges because "Country Club Hills never formally presented the case to felony review."

41.     Before Jaythan returned to Sykuta Elementary School after the incident on April 5, 2016, Plaintiff's Mother repeatedly instructed Defendant's Principal, Jones, and the Defendant's Director of Human Resources, Pamela Kibbons, (hereinafter "Defendant's Director of Human Resources, Kibbons,"), that Jaythan was not to be questioned by any school personnel without Plaintiff's Mother or her attorney being present. Defendant's Principal, Jones, and Defendant's Director of Human Resources, Kibbons, both gave their assurance and agreed to Plaintiff's Mother's explicit request not to question Jaythan.

42.     Defendant School District and Defendant's Principal, Jones, were fully aware that Plaintiff's Mother and Jaythan were being represented by an attorney, and that Jaythan was not to be questioned by Defendants without Plaintiff's Mother or their attorney being present.

43.     Jaythan returned to Sykuta Elementary School after the April 5, 2016 incident and

was teased by numerous students about the incident. Jaythan was extremely distressed and depressed by the reaction and treatment he experienced.

44.     On April 19, 2016, Plaintiff's Mother received a telephone call from Defendant's Director of Student Services, Jennifer Volpe, (hereinafter "Defendant's Director of Student Services, Volpe,"), in which she indicated that she had Assistant Principal Stacy Oates, and a Mrs. Edwards on the speaker phone for the call. Defendant's Director of Student Services, Volpe, informed Plaintiff's Mother that the school had Jaythan in a room because some kids were picking on Jaythan and harassing him.

45.     In the course of the conference call, Defendant's Director of Student Services, Volpe, admitted, "I just wanted to let you know we took six pages of notes and had Jaythan explain what happened."

46.     Plaintiff's Mother voiced her protestation concerning Jaythan being questioned without her or her attorney being present and demanded a copy of the notes. Plaintiff's Mother indicated that she was on her way to the school to get a copy of the notes and to withdraw Jaythan from Sykuta Elementary School.

47.     At the school, Plaintiff's Mother met with Defendant's Direct of Human Resources, Kibbons, who refused to provide Plaintiff's Mother with a copy of the notes produced during the questioning of Jaythan by various school officials.

48.     Jaythan was withdrawn from Sykuta Elementary School on April 19, 2016.

49.     As a direct result of the events concerning Jaythan, Plaintiff's Mother has also withdrawn Jaythan's twin brother from Sykuta Elementary School. There is no other public elementary school in their district for Jaythan and his brother to attend.

50.     Jaythan is now attending St. Damian, a private school in Oak Forest, Illinois.

51.     The impact of the incident on April 5, 2016, and the subsequent events, has had a devastating impact on Jaythan emotionally.

52.     As a result of the traumatic events which occurred on April 5, 2016, Jaythan is a patient at Wolfe Behavioral Health PC, where Jaythan is under the care of Dr. Dora Wolfe (hereinafter "Dr. Wolfe"), a psychologist, and Marie Kress (hereinafter "Kress"), a Licensed Professional Counselor.

53.     During a therapy session, Jaythan told Kress that he has had trouble sleeping and when he does eventually fall asleep, Jaythan experiences nightmares about being beaten by Defendant's Librarian, Hrobowski. Jaythan's counselor has indicated that he is significantly traumatized by what occurred.

54.     In a letter dated May 2, 2016, Dr. Wolfe has recommended that Jaythan "continue individual and family mental health therapy on a weekly basis in order to address hypervigilance and sleep disturbances." Dr. Wolfe has also "recommended that Jaythan undergo psychological testing to identify diagnostic criteria and to assist with tailoring a treatment plan to fit his mental health needs at this time."

55.     Medication has been prescribed to assist Jaythan with his sleep disorder.

56.     Jaythan has been diagnosed with Post Traumatic Stress Disorder "PTSD" and the comprehensive nature and scope of treatment has not been determined at the time this suit was filed.

57.     On information and belief, the School District made a conscious decision to have a policy regarding corporal punishment.

58.     On information and belief, Defendant's Librarian, Hrobowski, has held seven jobs

in less than eight years.

59.     On information and belief, Defendant School District failed to verify the references provided by Defendant's Librarian, Hrobowski, prior to her being hired by Defendant School District.

60.     At all times, Defendant's Librarian, Hrobowski, was acting in her official capacity within the scope of her employment as a staff member at Sykuta Elementary School.

61.     At all times, Defendant's Librarian, Hrobowski, was acting under color of state law.

62.     At all times, Defendant's Librarian, Hrobowski, believed she was furthering the business of her employer.

63.     At all times, Defendant's Principal, Jones, was acting in her official capacity within the scope of her employment as the Principal of Sykuta Elementary School.

64.     At all times, Defendant's Principal, Jones, was acting under color of state law.

65.     At all times, Defendant's Principal, Jones, believed she was furthering the business of her employer.

## COUNT I - 42 U.S.C. § 1983 VIOLATION OF JAYTHAN'S FOURTH AMENDMENT RIGHTS

66.     Paragraphs one (1) through sixty-five (65) are incorporated by reference as if fully set out herein.

67.     Jaythan has the Fourth Amendment right to be free from unreasonable excessive force, to be free from offensive language utilized in a chastising manner, to be free from conduct intended to publicly humiliate him by school personnel, and the right to bodily integrity.

68.     It was unreasonable for Defendant's Librarian, Hrobowski, to restrain and use

11

excessive physical force because Jaythan was reluctant to sit at a table with individuals who have bullied and victimized him in the past.

69.     It was unreasonable for Defendant's Librarian, Hrobowski, to restrain and humiliate Jaythan in front of his classmates and fellow students.

70.     It was unreasonable for Defendant's Librarian, Hrobowski, to restrain Jaythan and angrily belittle and chastise him in front of his classmates and fellow students.

71.     Defendant's Librarian, Hrobowski, intentionally used an amount of force which was obviously excessive under the circumstances and presented a foreseeable risk of serious injury.

72.     At all times, Defendant's Librarian, Hrobowski's, use of excessive physical force against a defenseless, 45-pound, eight-year-old child, angrily belittling and chastising Jaythan, and humiliating Jaythan in front of scores of classmates and fellow students, was arbitrary, capricious and unreasonable.

73.     Defendant's Librarian, Hrobowski's, use of corporal punishment involved excessive physical force, Defendant's Librarian, Hrobowski's, angrily belittling Jaythan, and Defendant's Librarian, Hrobowski's, intentional humiliation of Jaythan in front of numerous classmates and fellow students was unreasonable, arbitrary, and capricious conduct intended to injure and was not justified by any legitimate government interest and was wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning.

74.     At all times, Defendant's Librarian, Hrobowski, was acting under color of state law in her official capacity as a staff member at a public elementary school and exercising her responsibilities as a staff member pursuant to state law.

75.     At all times, Defendant's Librarian, Hrobowski, acted with actual malice towards

Jaythan in that her reckless and callous disregard was deliberate indifference to Jaythan's right to unreasonable seizures and bodily integrity.

76.     It was unreasonable for Defendant's Principal, Jones, to restrain and arbitrarily deny necessary medical care to Jaythan following the malicious assault and battery by Defendant's Librarian, Hrobowski.

77.     It was unreasonable for Defendant's Principal, Jones, to restrain and question Jaythan about the April 5th incident after Defendant's were notified, both orally and in writing, that Jaythan was not to be questioned without his mother or Plaintiff's attorney being present.

78.     At all times, Defendant's Principal, Jones, was acting under color of state law in her official capacity as the Principal of Sykuta Elementary School and exercising her responsibilities as the principal pursuant to state law.

79.     At all times, Defendant's Principal, Jones, acted with actual malice towards Jaythan in that her reckless and callous disregard was deliberate indifference to Jaythan's right to unreasonable seizures, bodily integrity, and necessary medical care.

80.     Defendant's Principal, Jones, exerted compelling influence over school staff members, and in so doing, was the effective cause of the decision to discipline Jaythan with corporal punishment through the use of excessive physical force which was unreasonable. Defendant's Principal, Jones, possessed the ultimate authority and decision-making power to discipline Jaythan.

81.     The use of unreasonable corporal punishment by staff members has been facilitated and condoned by Defendant School District so as to become custom or usage.

82.     The acts and omissions alleged herein were committed with the knowledge, acquiescence and active participation of Defendant's Principal, Jones, and the School Board.

83.    By virtue of the acts and omissions alleged herein, Defendants, acted under color of state law and with state action, intentionally used excessive physical force against a defenseless, 45-pound, eight-year-old child which was unreasonable.  Furthermore, the acts and omissions were willful and wanton in nature and served to deprive Jaythan his constitutional rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

84.    Defendants are sued in their individual capacities acted in violation of clearly established federal constitutional law when they engaged in the unlawful use of excessive physical force which was unreasonable.

85.    Defendants had reason to know of the acts and omissions alleged herein and possessed authority to direct and control the actions of staff members employed by the School District.

86.    The acts and omissions of Defendants sued in their individual and official capacities were so arbitrary and capricious as to constitute the policy and practice of the School District.

87.    The acts and omissions alleged herein constitute reckless, callous and deliberate indifference to Jaythan's federally protected rights entitling him to seek punitive damages against Defendants.

88.    As a direct and proximate result of the afore alleged willful and reckless acts or omissions of Defendants, Jaythan was deprived of his federally protected rights in violation of 42 U.S.C. § 1983, and has suffered damages, including, but not limited to, physical pain and suffering, and significant emotional and psychological distress.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray the Court award Plaintiffs relief as follows:

A.    Award compensatory damages in favor of Plaintiffs and against Defendants in an amount in accordance with the proofs;

B.    Award punitive damages in favor of Plaintiffs and against Defendants in an amount in accordance with the proofs;

C.    Award Plaintiffs their reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

D.    Grant injunctive relief ordering Defendants to refrain from further constitutional violations; and

E.    Any and all other forms of relief this Honorable Court deems just and appropriate.

## JURY DEMAND

89.    Plaintiffs request a jury trial on all issues of fact and law raised by the allegations in this complaint.

Respectfully Submitted,

KYNDRA BYRD and
JAYTHAN E., Plaintiffs

By: s/ Lisa Kane
Lisa Kane, Attorney for Plaintiffs

Lisa Kane & Associates
Attorney for Plaintiffs
141 West Jackson Boulevard, Suite 3620
Chicago, Illinois 60604
(312) 606-0383
Attorney Code No. 06203093
lisakane@sbcglobal.net